IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Quadeisa Williams,<br><br>    Plaintiff,<br><br>v.<br><br>Exeter Finance, LLC; Rent Recovery Solutions, LLC.; Equifax Information Services, LLC; Experian Information Solutions, Inc.; and TransUnion, LLC.<br><br>    Defendants. | No.<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

### INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and as the Plaintiff resides in and the injury occurred in Fulton County, Georgia and Defendants do business in Georgia.

4. Personal Jurisdiction exists over Defendants as Plaintiff resides in Georgia, Defendants have the necessary minimum contacts with the state of Georgia, and this suit arises out of specific conduct with Plaintiff in Georgia.

**PARTIES**

5. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Fulton, Georgia.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant, Equifax Information Services, LLC, ("Equifax") is a credit reporting agency, licensed to do business in Georgia.

9. Defendant, Experian Information Solutions, Inc., ("Experian") is a credit reporting agency, licensed to do business in Georgia.

10. Defendant, TransUnion, LLC, ("Transunion") is a credit reporting agency, licensed to do business in Georgia.

11. Defendants Equifax, Experian, and Transunion are, and at all times relevant hereto were, regularly doing business in the State of Georgia.

12. Equifax, Experian, and Transunion are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

13. Equifax, Experian, and Transunion furnish such consumer reports to third parties under contract for monetary compensation.

14. At all times pertinent hereto, Defendants Equifax, Experian and Transunion were a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

15. Exeter Finance, LLC ("Exeter") is a for profit corporation existing and operating under the laws of the State of Georgia that engages in the business of furnishing consumer credit information.

16. Rent Recovery Solutions, LLC ("Rent Recovery") is a for profit corporation existing and operating under the laws of the State of Georgia that engages in the business of furnishing consumer credit information.

17. Rent Recovery was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

18. Rent Recovery is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

19. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Exeter, Rent Recovery, Equifax, Experian, and Transunion and has suffered particularized and concrete harm.

20. Equifax, Experian, and Transunion are three of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

21. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

22. Equifax, Experian, and Transunion each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy."  15 U.S.C. §1681(e)(B).

23. After reviewing Plaintiff's consumer reports, Plaintiff discovered an Exeter account (the "Exeter Account") being reported in error – specifically the Exeter Account is unknown to Plaintiff and believed to be the product of identity theft.

24. Plaintiff filed an Identity Theft Affidavit identifying the Exeter Account as the possible product of fraud.

25. After reviewing Plaintiff's Transunion consumer reports, Plaintiff discovered a Rent Recovery account (the "Rent Recovery Account") being reported in error – specifically the Rent Recovery Account is unknown to Plaintiff and believed to be the property of identity theft.

26. Plaintiff filed an Identity Theft Affidavit identifying the Rent Recovery Account

3

as the possible product of fraud.

27. The original creditor for the Rent Recovery Account is Montega Apartments.

28. Plaintiff never lived at or signed a lease agreement with the Montega Apartments.

29. The inaccurate Exeter Account and Rent Recovery Account (collectively the "Accounts") have become a permanent component of the Plaintiff's credit profile and is reported to those who ask to review the credit history of Plaintiff.

30. The Rent Recovery Account arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

31. Rent Recovery regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or once asserted to be owed or due, another.

32. Because Plaintiff is not the rightful owner of the Rent Recovery Account, Rent Recovery's representation that an amount is past due is false.

33. Equifax, Experian, and Transunion each published the false information regarding Plaintiff to third parties.

34. The false information regarding the Accounts appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

## WRITTEN DISPUTE

35. Plaintiff sent a written dispute letter to Equifax, Experian, and Transunion (collectively "Dispute Letters"), disputing the inaccurate information regarding the Exeter Account showing on Plaintiff's consumer reports.

36. Plaintiff sent a written dispute letter to Transunion disputing the inaccurate information regarding the Rent Recovery Account showing on Plaintiff's consumer reports.

37. Equifax failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the

accuracy of the disputed information.

38. Equifax employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

39. Experian failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

40. Experian employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

41. Transunion failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

42. Transunion employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

43. At no point after receiving the Disputes did Defendants communicate with Plaintiff to determine the veracity and extent of Plaintiff's Disputes.

44. Equifax relied on its own judgment and the information provided to it by Exeter rather than grant credibility to the information provided by Plaintiff.

45. Experian relied on its own judgment and the information provided to it by Exter rather than grant credibility to the information provided by Plaintiff.

46. Transunion relied on its own judgment and the information provided to it by Exeter and Rent Recovery, rather than grant credibility to the information provided by Plaintiff.

## COUNT I – Equifax, Experian, and Transunion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

47. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

48. After receiving the Equifax Dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

49. After receiving the Experian Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

50. After receiving the Transunion Dispute, Transunion failed to correct the false information reporting on Plaintiff's consumer reports.

51. Equifax, Experian, and Transunion each violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

52. As a result of this conduct, action and inaction of Equifax, Experian, and Transunion Plaintiff suffered damages, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

53. The conduct, action, and inaction of Equifax, Experian, and Transunion was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

54. In the alternative, Equifax, Experian, and Transunion were each negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

55. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and Transunion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II – Equifax, Experian, and Transunion

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

56. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

57. After receiving the Equifax Dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

58. After receiving the Experian Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

59. After receiving the Transunion Dispute, Transunion failed to correct the false information reporting on Plaintiff's consumer report.

60. Equifax, Experian, and Transunion each violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in each Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

61. As a result of this conduct, action and inaction of Equifax, Experian, and Transunion Plaintiff suffered damages, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

62. The conduct, action, and inaction of Equifax, Experian, and Transunion was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

63. In the alternative, Equifax, Experian, and Transunion were negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

64. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and Transunion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – Exeter

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

65. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

66. After receiving Plaintiff's Disputes, Exeter failed to correct the false information regarding the Exeter Account reporting on Plaintiff's consumer reports.

67. Exeter violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

68. As a result of this conduct, action, and inaction of Exeter, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

69. Exeter's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

70. In the alternative, Exeter was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

71. Plaintiffs is entitled to recover costs and attorneys' fees from Exeter pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT IV – Rent Recovery

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

72. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

73. After receiving Plaintiff's Transunion Dispute, Rent Recovery failed to correct the false information regarding the Rent Recovery Account reporting on Plaintiff's consumer reports.

74. Rent Recovery violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

75. As a result of this conduct, action, and inaction of Rent Recovery, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

76. Rent Recovery's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

77. In the alternative, Rent Recovery was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

78. Plaintiffs is entitled to recover costs and attorneys' fees from Rent Recovery pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT V – Rent Recovery

### (Fair Debt Collection Practices Act Violation – 15 U.S.C. § 1692e)

79. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

80. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

81. "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

82. "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

83. More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy as well as insure that debt collectors who refrain from using such practices are not competitively disadvantaged. *See, e.g.,* 15 U.S.C. § 1692(a), (e); *Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 996 (3d Cir.2011); *Wilson,* 225 F.3d at 354.

84. "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.' This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) (quoting *Rosenau*, 539 F.3d at 221); *see also Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

85. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013) (quoting *Lesher,* 650 F.3d at 997).

86. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

87. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

88. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

89. Under the same general prohibition of false, misleading, or deceptive debt collection practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false. . . ." 15 U.S.C. § 1692e(8).

90. Rent Recovery violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Debt, including by reporting false information to the credit reporting agencies concerning Plaintiff, and by failing to correct the false information once disputed.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

2. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

3. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

4. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Rent Recovery for noncompliance of the Fair Debt Collection Practices Act and seeks remedies as defined by 15 U.S.C. § 1692 and demands:

1. Adjudging that Rent Recovery violated 15 U.S.C. § 1692e;

2. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

3. Awarding Plaintiff actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

4. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

     5.     Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:  November 13, 2023

                                        */s/ Esther Oise*
                                        Esther Oise, Esq. (GA Bar #686342)
                                        Oise Law Group PC
                                        2635 Governors Walk Blvd.
                                        Snellville, GA 30078
                                        Email: oiselaw@gmail.com
                                        Telephone: (770) 895-3736
                                        Attorney for Plaintiff